UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK FOLLEY,<br>#A-787-384,<br><br>                          Plaintiff,<br><br>vs.<br><br>HON. BARBARA P. GORMAN, et al.,<br>                        Defendants. | Case No.: 3:21-cv-01887-JO-MSB<br><br>**ORDER TRANSFERRING CIVIL ACTION FOR LACK OF PROPER VENUE TO THE SOUTHERN DISTRICT OF OHIO, WESTERN DIVISION PURSUANT TO 28 U.S.C. § 115(b)(1), 28 U.S.C. § 1391(b), AND 28 U.S.C. § 1406(a)** |

      Plaintiff Derek Folley, proceeding pro se and currently incarcerated at the Grafton Correctional Institute in Ohio, has filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming he has been falsely imprisoned. (*See* ECF No. 1, "Compl." at 1, 4, 27, 28.) Plaintiff has not prepaid the $402 civil and administrative filing fee required by 28 U.S.C. § 1914(a), but instead seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). (*See* ECF No. 2.) However, the Court finds that the Southern District of California is not the proper venue for Plaintiff's case, and therefore **TRANSFERS** this civil action to the U.S. District Court for the Southern District of Ohio.

/ / /

/ / /

Venue may be raised by the Court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

"A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff claims that Judge Barbara P. Gorman, prosecutors, his appointed attorneys, the City of Dayton Police Department, detectives, clinical psychologists, and several forensic psychiatry centers, all alleged to reside or to be located in Dayton, Ohio, violated his Sixth and Fourteenth Amendment during the course of his criminal prosecution and competency proceedings in the Montgomery County Ohio Court of Common Pleas. (*See* Compl. at 2-4, 7-13.) Montgomery County is located in the Western Division of the Southern District of Ohio. *See* 28 U.S.C. § 115(b)(1). Plaintiff contends his rights were violated in Montgomery County, none of the events or omissions giving rise to Plaintiff's claims are alleged to have occurred in either San Diego or Imperial County, and no Defendant is alleged to reside here. (*See* Compl. at 7–10). *See* 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego."). Therefore, the Court finds venue is proper in the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 115(b)(1), but not in the Southern District of California pursuant to 28 U.S.C. § 84(d). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

///

///

Accordingly, the Clerk of the Court is **ORDERED** to transfer this civil action for lack of proper venue, in the interests of justice, and for the convenience of all parties, to the docket of the United States District Court for the Southern District of Ohio, Western Division, pursuant to 28 U.S.C. § 115(b)(1), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1406(a).[1]

**IT IS SO ORDERED**

Dated: 1/14/2022

Hon. Jinsook Ohta
United States District Judge

---

[1] Because the Court finds transfer appropriate, it defers consideration of Plaintiff's Motion to Proceed IFP (ECF No. 2), as well as all his other pending miscellaneous motions and requests, *see e.g.,* ECF Nos. 3, 7, 8, 10, 11, 16–26, 47, to the Southern District of Ohio and expresses no opinion as to whether Plaintiff's pleading survives the sua sponte screening required by 28 U.S.C. § 1915A(b). *See Byrd v. Phoenix Police Dep't,* 885 F.3d 639, 641 (9th Cir. 2018) ("For certain prisoner civil rights litigation, 28 U.S.C. § 1915A(a) requires pre-answer screening of the complaint so that 'the targets of frivolous or malicious suits need not bear the expense of responding.'" (citations omitted)). *Plaintiff is directed to submit any future filings to the Southern District of Ohio and to affix that Court's case number to his submissions for consideration by the judge assigned upon transfer.*